## Luzerne County Commissioners' Petition

*R. Lawrence Coughlin*, for county commissioners.

*G. J. Clark, Miner Aylesworth*, and *Frank M. Flanagan*, for objectors.

JONES, J., June 23, 1938.—The Act of March 24, 1937, P. L. 111, sec. 1, states:

"That during the years one thousand nine hundred and thirty-seven and one thousand nine hundred and thirty-eight any county treasurer may adjourn any tax sale of seated or unseated lands for nonpayment of taxes, if the

county commissioners of the county have first petitioned the court of common pleas of the county to permit an adjournment or readjournment of a tax sale and the court has approved such adjournment or readjournment. Any such tax sale, so adjourned, may thereafter be readjourned from time to time in the manner above provided, but in no event shall such adjournment or readjournment be beyond the first day of May, one thousand nine hundred and thirty-nine. Where any such tax sale is so adjourned or readjourned after advertisement, no additional advertisement or notice shall be necessary for such adjourned or readjourned sale."

This is an application on the part of the County Commissioners of Luzerne County to permit an adjournment, under the above act, without advertising the tax sale scheduled by the Act of May 29, 1931, P. L. 280, for August 1937 to May 1, 1939.

To the petition, the School District of the Township of Dallas, the School District of the Township of Hunlock, the School District of the City of Pittston, the Township of Hunlock, and the Township of Ross, have filed objections.

The reason assigned by the county commissioners for an adjournment of the tax sale is that a sale of all properties, upon which taxes have been returned and remain delinquent, would work an unnecessary hardship upon a number of persons who, without fault, are unable to pay taxes. That would mean discrimination in the payment of taxes. The commissioners argued before the court that during the adjournment of the tax sale they would have an opportunity of investigating, with a view to determine which delinquents were able to pay their taxes and which were not. There can be no legal sanction for such a program. The day must come when delinquent taxes must be collected, and the postponement of the tax sale for a year does not solve the problem. It is simply postponing a situation which the county commissioners and the county treasurer must deal with.

We see no merit in this application and, therefore, there is no occasion to decide the legal propositions urged by the objectors.

The application for adjournment of tax sale by the treasurer is denied.